UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
MINDSPIRIT, LLC, MALVIKA
KUMAR, and ROSEWOOD PARTNERS

Case No.: 15-cv-6065 (PGG)

Plaintiffs,

v.

EVALUESERVE LTD.,

Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT


WUERSCH & GERING LLP
100 Wall Street, 10th Floor
New York, New York 10005
(212) 509-5050

Attorneys for Defendant

# TABLE OF CONTENTS

Preliminary Statement ........................................................................................... 1

Relevant Allegations............................................................................................... 2

    The Parties........................................................................................................ 2

    Jurisdiction and Venue .................................................................................... 2

    The Felons in the Background…..................................................................... 3

    The Dispute ...................................................................................................... 4

Argument................................................................................................................. 6

I.    THE TWO MANAGERS/CO-OWNERS OF MINDSPIRIT HAVE NO STANDING ................ 6

II.    PLAINTIFFS' CLAIM FOR BREACH OF CONTRACT MUST BE DISMISSED ...................... 8

    The Legal Standard .......................................................................................... 8

III.    PLAINTIFFS' CLAIM FOR NEGLIGENT CONTRACT PERFORMANCE DOES NOT EXIST AS A MATTER OF LAW ............................................................................ 12

IV.    PLAINTIFFS' THIRD CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING MUST BE DISMISSED ................................... 13

V.    PLAINTIFFS' FOURTH CLAIM FOR BREACH OF FIDUCIARY DUTY MUST BE DISMISSED ......................................................................................................... 14

VI.    PLAINTIFFS' FIFTH CLAIM FOR FRAUDULENT CONCEALMENT AND MISREPRESENTATION BY A FIDUCIARY MUST BE DISMISSED..................... 16

VII.    PLAINTIFFS' SIXTH CLAIM FOR ACTUAL AND CONSTRUCTIVE FRAUD MUST BE DISMISSED ........................................................................................ 18

VIII.    PLAINTIFFS' SEVENTH CLAIM FOR UNJUST ENRICHMENT MUST BE DISMISSED ......................................................................................................... 19

IX.    PLAINTIFFS' EIGHTH CAUSE OF ACTION FOR GROSS NEGLIGENCE, WILLFUL MISCONDUCT AND RECKLESSNESS MUST BE DISMISSED ............................ 20

X.    PLAINTIFFS' NINTH CLAIM FOR PROMISSORY ESTOPPEL MUST BE DISMISSED ..... 20

XI.    PLAINTIFFS' TENTH CLAIM FOR SECURITIES FRAUD MUST BE DISMISSED ............ 21

XII.    PLAINTIFFS' ELEVENTH CLAIM FOR EQUITABLE ESTOPPEL MUST BE DISMISSED ......................................................................................................... 22

XIII.    RAJAT GUPTA AND ANIL KUMAR ARE INDISPENSABLE PARTIES ............................ 22

Conclusion…........................................................................................................... 23

## TABLE OF AUTHORITIES

**CASES**                                                                                                          **PAGES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..........................................................................................9

*Baguer v. Spanish Broad. Sys.*, No. 04-cv-8393,
    2007 U.S. Dist. LEXIS 70793 (S.D.N.Y. Sept. 20, 2007)..........................................20

*Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42 (2d Cir. 2012) ...................2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).................................................................9

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*,
    448 F.3d 573 (2d Cir. 2006)..........................................................................................19

*Blumenstyk v. Singer,* Index No. 651018/2013,
    2014 N.Y. Misc. LEXIS 3621 (N.Y. Co. Supr. Aug. 4, 2014)....................................22

*Board of Mgrs. v. Chelsea 19 Assoc.*, 73 A.D.3d 581, 905 N.Y.S.2d 8, 10 (1st Dept. 2010)..12, 13

*Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.*, 98 F.3d 13 (2d Cir. 1996)...........17

*City of New York v. 611 West 152nd Street, Inc.*,
    273 A.D.2d 125, 710 N.Y.S.2d 36 (1st Dept. 2000).....................................................12

*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 521 N.Y.S.2d 653 (1987)........19

*Coggins v. County of Nassau*, No. 07-CV-3624,
    2008 U.S. Dist. LEXIS 48239 (E.D.N.Y. June 20, 2008)
    *aff'd,* 362 Fed. Appx. 224 (2d Cir. 2010) ....................................................................4

*Davis v. Scottish Re Group Ltd.*, 46 Misc. 3d 1206(A),
    9 N.Y.S.3d 592, 2014 N.Y. Misc. LEXIS 5718 (Supr. Ct. N.Y. Co. 2014) .............15

*DeBenedictis v. Malta*, No. 602537/2008,
    2014 N.Y. Misc. LEXIS 5862 (Supr. Ct. N.Y. Co. Mar. 6, 2014) .............................18

*Duro Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336 (2005).).................................................21

*Einiger v. Citigroup, Inc.*, 112 U.S.P.Q.2d (BNA) 1147 (S.D.N.Y.2014)...................................22

*Ely v. Perthius*, No. 12-cv-1078, 2013 U.S. Dist. LEXIS 14952 (S.D.N.Y. Jan. 29, 2013) .........19

*Ergowerx Int'l, LLC v. Maxell Corp.,* 18 F. Supp. 3d 430 (S.D.N.Y. 2014) ..........................20, 21

*Erico v. Stryker Corp.,* 281 F.R.D. 182 (S.D.N.Y. 2012) ........................................................23

*ESPN, Inc. v. North Pole, Ltd.*, No. 08-CV-9483,
    2009 U.S. Dist. LEXIS 8175 (S.D.N.Y. Jan. 22, 2009)................................................3

*Feiner Family Trust v. VBI Corp.,*No. 07 Civ. 1914,
    2007 U.S. Dist. LEXIS 66916 (S.D.N.Y. Sept. 11, 2007)............................................15

*Fillmore East BS Fin. Subsidiary LLC v. Capmark Bank*, 552 Fed. Appx. 13 (2d Cir. 2014.......12

*Fluhr v. Goldscheider*, 264 A.D.2d 570, 695 N.Y.S.2d 30 (1st Dept. 1999)................................12

*Fox v. Idea Sphere, Inc.*, No. 12 Civ. 1342,
    2013 U.S. Dist. LEXIS 42674 (S.D.N.Y. Mar. 21, 2013) ...........................................15

*Gas Nat., Inc. v. Iberdrola, S.A.*, 33 F. Supp. 3d 373 (S.D.N.Y. 2014) ......................................20

*Global Network Communications, Inc. v. City of New York*, 458 F.3d 150 (2d Cir. 2006)........4, 8

*Guangdong Enterprises v. Hennessy,* No. 01 Civ. 0620,
    2002 U.S. Dist. LEXIS 8719 (S.D.N.Y. May 15, 2002)....................................................15

*Harris v. Provident Life & Accident Ins. Co.,* 310 F.3d 73 (2d Cir. 2002) ...................................13

*Hausman v. Buckley,* 299 F.2d 696, 702-03 (2d Cir. 1962) ........................................................15

*Hindsight Solutions, LLC v. Citigroup Inc.,* 53 F. Supp. 3d 747 (S.D.N.Y. 2014) ......................21

*Hoeffner v. Orrick,* 61 A.D.3d 614, 878 N.Y.S.2d 717 (1ˢᵗ Dept. 2009)........................................19

*Hyman v. New York Stock Exchange, Inc.,* 46 A.D.3d 335, 848 N.Y.S.2d 51(1ˢᵗ Dept. 2007).....15

*Ideal Mortg. Bankers, Ltd. v. Gateway Bank,* No. 10-79280/Adv. Pro. No. 12-08453,
    2013 U.S. Bankr. LEXIS 5366 (Bankr. E.D.N.Y. Dec. 23, 2013) ............................................11

*Kleinberg v. Radian Group, Inc.,* No. 01 Civ. 9295,
    2002 U.S. Dist. LEXIS 20595 (S.D.N.Y. Oct. 29, 2002) ..........................................................21

*Malmsteen v. Berdon, LLP,* 477 F. Supp. 2d 655 (S.D.N.Y. 2007) ...............................................19

*Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.,*
    244 F.R.D. 204 (S.D.N.Y. 2007) ...............................................................................................7

*Matusovsky v. Merrill Lynch,* 186 F. Supp. 2d 397 (S.D.N.Y. 2002) ............................................7

*McConnell v. Commonwealth Pictures Corp.,* 7 N.Y.2d 465, 199 N.Y.S.2d 483 (1960)...............11

*Mitchell v. Faulkner,* No. 10-cv-8173, 2013 U.S. Dist. LEXIS 6088 (S.D.N.Y. Jan. 14, 2013)
    *aff'd,* 531 Fed. Appx. 136 (2d Cir. 2013)................................................................................19

*Montblanc-Simplo GmbH v. Colibri Corp.,* 739 F. Supp. 2d 143 (E.D.N.Y. 2010) ......................7

*Norman v. TWA,* No. 98 Civ. 7419,
    2000 U.S. Dist. LEXIS 14618 (S.D.N.Y. Oct. 6, 2000) ...........................................................12

*O'Connell v. Arthur Andersen, LLP,* 383 B.R. 231 (Bankr. S.D.N.Y. 2008) ...............................16

*Pacnet Network Ltd. v. KDDI Corp.,* 78 A.D.3d 478, 912 N.Y.S.2d 178 (1ˢᵗ Dept. 2010) ..........12

*Parr v. Ronkonkoma Realty Venture I, LLC,* 65 A.D.3d 1199,
    885 N.Y.S.2d 522 (2d Dept. 2009) ...........................................................................................22

*PI, Inc. v. Quality Prods.,* 907 F. Supp. 752 (S.D.N.Y. 1995) .....................................................18

*Piven v. Wolf Haldenstein Adler Freeman & Herz, L.L.P.,*
    No. 08 Civ. 10578, 2012 U.S. Dist. LEXIS 27609 (S.D.N.Y. Mar. 12, 2010).........................13

*Potter v. Arrington,* 11 Misc. 3d 962, 810 N.Y.S.2d 312 (Supr. Ct. Monroe Co. 2006) ..............15

*Royal Crown Day Care LLC v. Department of Health and Mental Hygiene,*
    No. 10-CV-5442, 2012 U.S. Dist. LEXIS 101237 (E.D.N.Y. July 20, 2012),
    *aff'd,* 746 F.3d 538 (2d Cir. 2014)............................................................................................8

*RSL Communications PLC v. Bildirici,* 649 F. Supp. 2d 184
    (S.D.N.Y. 2009) *aff'd,* 412 Fed. Appx. 337 (2d Cir. 2011)......................................................15

*State Teachers Retirement Board v. Fluor Corp.,* 566 F. Supp. 939 (S.D.N.Y. 1982).................15

*Telesco v. Neuman,* No. 14-cv-3480,
    2015 U.S. Dist. LEXIS 66008 (S.D.N.Y. Mar. 11, 2015) ........................................................18

*Trans World Airlines, Inc. v. Hughes,* 449 F.2d 51 (2d Cir. 1971)
    *rev'd on other grounds,* 409 U.S. 363 (1973)...........................................................................7

*Tyco Int'l v. Walsh,* 455 Fed. Appx. 55 (2d Cir. 2012) ...............................................................16

*Underdog Trucking, LLC v. Verizon Servs. Corp.*, No. 09 Civ. 8918,
   2010 U.S. Dist. LEXIS 72642 (S.D.N.Y. July 20, 2010) ......................................21
*United States v. Rajaratnam*, 09 CR 1184 (S.D.N.Y.) ...............................................4
*USHA Soha Terrace, LLC v. Robinson Brog Leinwand Greene Genovese & Gluck, P.C.*,
   Index No. 653377/2013, 2014 N.Y. Misc. LEXIS 3085 (N.Y. Co. Supr. July 9, 2014) ...........8
*Waite v. Schoenbach*, No. 10-cv-3439,
   2010 U.S. Dist. LEXIS 115470 (S.D.N.Y. Oct. 29, 2010) ....................................18
*Washington v. Kellwood Co.*, No. 05 Civ. 10034,
   2009 U.S. Dist. LEXIS 32565 (S.D.N.Y. Mar. 24, 2009) ....................................13
*Winn v. Shafer*, 499 F. Supp. 2d 390 (S.D.N.Y. 2007)............................................15
*Woodward v. D.H. Overmyer Co.*, 428 F.2d 880 (2d Cir. 1970) ...................................2
*Zarour v. Pacific Indem. Co.*, No. 15-cv-2663,
   2015 U.S. Dist. LEXIS 89663 (S.D.N.Y. July 6, 2015) ......................................20


**STATUTES**

Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(1) ............................21
Securities Act of 1993, Section 10(b), 15 U.S.C. § 78j(b) ...................................21
28 U.S.C. § 1331 ...........................................................................3
28 U.S.C. § 1367(a) ........................................................................3
28 U.S.C. § 1367(b) .......................................................................23
The Illinois Assumed Business Act, 805 ILCS 405/1 ..........................................2


**RULES AND REGULATIONS**

Fed. R. Civ. P. 8(a)(2) ....................................................................9
Fed. R. Civ. P. 9(b) ..................................................................17, 22
Fed. R. Civ. P. 12(b)(1) .............................................................3, 8, 23
Fed. R. Civ. P. 12(b)(6) ..............................................................*passim*
Fed. R. Civ. P. 12(b)(7) ..................................................................22
Fed. R. Civ. P. 19(a)(1) .............................................................22, 23
Securities Act of 1993 Rule 10b-5 17 C.F.R. § 240.10b-5....................................21, 22
Securities Act of 1993 Rule 701, 17 C.F.R. § 230.701(5)(c)(1)(i).............................10

**OTHER AUTHORITIES**

http://www.cookcountyclerk.com/vitalrecords/busnamereg/pages/default.aspx ..................2
N.Y. Jur. Estoppel § 5......................................................................22

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**MINDSPIRIT, LLC, MALVIKA**
**KUMAR, and ROSEWOOD PARTNERS**

**Case No.: 15-cv-6065 (PGG)**

                       **Plaintiffs,**

       **v.**

**EVALUESERVE LTD.,**
                  **Defendant.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

### Preliminary Statement

Plaintiffs were informed in writing of Defendant's views concerning the defects in every one of their claims in their initial Complaint. They heard even more from the Court about the same and additional defects at a lengthy conference to discuss Defendant's proposed motion to dismiss and were given the option of filing an amended complaint without having to litigate a full-fledged motion to dismiss. Plaintiffs took advantage of that grace from the Court and have filed an Amended Complaint.

The Amended Complaint, however, eliminated only one of the dozen defective claims and failed to deal with the majority of the concerns raised by the Defendant and the Court. The second and third named plaintiffs lack standing to assert any of the claims, and the claims seek relief that would violate the very contract relied upon and potentially federal securities law. Many claims lack elements essential under the applicable law, and most are simply duplicative of the lead claim for breach of contract. At least two are claims that simply do not exist as a matter of law. Every one of the eleven claims remains defective in one or more of these respects. In addition, there are serious issues of subject matter jurisdiction and failure to join indispensable

parties. The Amended Complaint should be dismissed in its entirety, and Plaintiffs, having

already been given two bites at the apple, should be denied leave to replead, all the more so since

some of their allegations are inconsistent with their own documents submitted in support of the

Amended Complaint.

**Relevant Allegations**

**The Parties:** Plaintiff Mindspirit, LLC ("Mindspirit"), is a Nevada limited liability

company with its principal place of business in Connecticut.[1] Malvika Kumar ("Ms. Kumar") is

a California resident and one of Mindspirit's owners and managers; Plaintiff Rosewood Partners

("Rosewood"), an Illinois partnership[2], is another. (Am. Compl. ¶¶ 1-3.) Defendant Evalueserve

Ltd. is a Bermuda corporation with its principal place of business in Bermuda. (*Id.* ¶ 4.)

**Jurisdiction and Venue:** Plaintiffs claim that there is diversity jurisdiction. (*Id.* ¶ 8.)

Plaintiffs have, however, identified only two members of Mindspirit without an allegation that

there is no other and have identified none of the partners of Rosewood. Mindspirit has the

citizenship of all its members, *see Bayerische Landesbank v. Aladdin Capital Mgmt. LLC,* 692

F.3d 42, 49 (2d Cir. 2012), and Rosewood of all its partners, *see Woodward v. D.H. Overmyer

Co.*, 428 F.2d 880, 883 (2d Cir. 1970). Because Plaintiffs have not listed all the members of

Mindspirit and all the partners of Rosewood, diversity jurisdiction cannot be determined, and

Plaintiffs' failure to meet its burden of pleading diversity jurisdiction means the case must be

---

[1] Plaintiffs have stated two different cities in Connecticut (Am. Compl. ¶¶ 1 & 23), but the zip code in both is for Westport, CT.

[2] There is a question whether Rosewood is in good standing. The Illinois Assumed Business Name Act, 805 ILCS 405/1, requires that a partnership not doing business under the actual names of its partners file an Assumed Name Business Certificate in the partnership's home county in order to conduct or transact any business. Winnetka, where Rosewood has its principal place of business (Am. Compl. ¶ 3), is in Cook County, and an online search of Cook County Assumed Business Name Registrations at http://www.cookcountyclerk.com/vitalrecords/busnamereg/pages/default.aspx shows no such filing for Rosewood.

dismissed pursuant to Fed. R. Civ. P. 12(b)(1) unless there is some other basis for subject matter jurisdiction. *See. e.g., ESPN, Inc. v. North Pole, Ltd.*, No. 08-CV-9483, 2009 U.S. Dist. LEXIS 8175, *7 (S.D.N.Y. Jan. 22, 2009).

At this point, the Court would seem to have federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiffs' Tenth Claim for securities fraud (Am. Compl. ¶¶ 131-38) and potential supplementary jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), but that could also come into question if the Tenth Claim is dismissed without leave to replead. *See infra* Argument Point XI.

Ms. Kumar and Rosewood are not parties to the Option Agreement which Plaintiffs invoke to support personal jurisdiction (Am. Compl. ¶ 6), but Defendant contests neither personal jurisdiction nor venue.

**The Felons in the Background:** Plaintiffs claim that the felony convictions of Anil Kumar, Ms. Kumar's husband, and his partner in crime, Rajat Gupta, and the facts supporting and surrounding those convictions are irrelevant to this case. (*Id.* ¶ 12.) This is simply not so. Clearly, looking first only at the evidence supplied by Plaintiffs, Mr. Gupta was involved in at least the administration of Mindspirit and Rosewood. (*See id.* ¶¶ 23 & 32 and Exs. 2-4, 6 (Gupta's personal accountant inquiring about exercising the options), 10 & 19 (telecopy transmission line from Rajat Gupta).) There is no allegation he has not been a principal of Rosewood, which would make him in effect a manager of Mindspirit, and no explanation of how an approach by Evalueserve to Messrs. Gupta and Kumar for a $100,000 investment turned into a payment by Mindspirit. (*See id.* ¶¶ 18-24.) It is also apparent that Evalueserve understood that the two of them were the ultimate source of the money. (*Id.* Ex. 2 at 2 ("Rajat, Anil . . . Many thanks for agreeing to be the "Angels" for Evalueserve") and Ex. 3 at 2 ("Hello Rajat, May I

request Anil and you to please wire $100,000 . . . .").)

Plaintiffs' allegation that Mindspirit "was never . . . involved or associated with any legal or enforcement proceedings concerning Mr. Kumar and Mr. Gupta" (*id.* ¶ 16), is demonstrably false. In a related criminal trial, *United States v. Rajaratnam*, 09 CR 1184 (S.D.N.Y.), Mr Kumar testified about his and Gupta's involvement with Mindspirit. (Hauser Decl. Ex. A at 740-48.) Moreover, in the compliance documents submitted by Mindspirit in connection with the transfer of its shares in Evalueserve to the other two Plaintiffs, Gupta is identified as a managing partner of both Mindspirit and Rosewood. (Hauser Decl. Ex. B.)[3] Finally, Plaintiffs' claims and the available documentary evidence make clear that Messrs. Gupta and Kumar are not only involved and relevant, they are indispensable parties if this case proceeds. *See infra* Argument Point XIII.

**The Dispute:** Looking at the Amended Complaint, there is no disagreement alleged concerning the terms of the broader 2001 agreement with Evalueserve, namely, that there would be an investment of $100,000 in return for 180,000 shares and 480,000 stock options. (*Id.* ¶¶ 20-22.) There is no dispute alleged about whether the investment was made, that the shares were issued to Mindspirit in 2001, or that they were transferred to Ms. Kumar and Rosewood by early 2011. (*Id.* ¶¶ 24, 27 & 32-37.)

---

[3] The Court in its consideration of this motion under Fed. R. Civ. P. 12(b)(6) may (a) take into account documents such as the compliance forms that are integral to the complaint and on which Plaintiffs relied in drafting their complaint (Am. Compl. ¶ 35), and (b) take judicial notice of matters of public record, such as trial testimony in another court case, although only for the fact of the testimony rather than its truth. *See Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 156-57 (2d Cir. 2006). Here, the fact of the testimony mentioning Mindspirit belies Plaintiffs' allegation that there was no involvement of Mindspirit in legal proceedings involving Messrs. Kumar and Gupta, irrespective of whether Mr. Kumar was telling the truth, and so can be considered here. *See Coggins v. County of Nassau*, No. 07-CV-3624, 2008 U.S. Dist. LEXIS 48239, *20 (E.D.N.Y. June 20, 2008), *aff'd*, 362 Fed. Appx. 224 (2d Cir. 2010).

There are, however, two disputes. The first is implicit, whether the broader 2001 agreement was only between Mindspirit and Evalueserve or included Messrs. Kumar and Gupta as parties.

The second dispute, concerning the options, is explicit. Defendant claims that, based on an oral agreement between Evalueserve's then chairman and Gupta in 2001 or 2002, the options were actually issued to Messrs. Gupta and Kumar as consultants by board action in April 2002, with the options back dated to November 7, 2001. (*Id.* ¶¶ 42, 48-50 & 61-62 and Exs. 14, 15 & 20.) Plaintiffs concede that, when there was notice from Evalueserve of an extension of the option expiration date, it went to Mr. Kumar personally (*id.* ¶ 34 & Ex. 9), and that, when there was an effort to exercise the 480,000 options in 2011, it was not by any of the Plaintiffs but by Messrs. Gupta and Kumar (*id.* ¶¶ 38-42).

Plaintiffs nonetheless seem to be claiming that the options were issued to Mindspirit at or about the time of the original grant and only ten years later transferred to Gupta and Kumar— unilaterally by Evalueserve without notice to or consent by Mindspirit and after the legal difficulties for Gupta and Kumar arose—in an effort to defeat the exercise of the options. (*Id.* ¶¶ 11, 15, 25, 40, 49, 61-62 & 64-67.) This is inconsistent with at least one other of the documents on which they rely; Exhibit 13 to the Amended Complaint shows that Mr. Gupta's accountant understood in 2011 that the options in the names of Messrs. Gupta and Kumar were almost ten years old. In addition, the compliance forms filled out and executed by Kumar and Gupta (again, admissible on this motion as documents upon which Plaintiffs relied in their Amended Complaint, *see id.* ¶ 41), indicated their understanding that the options were in their personal names and dated 2001. (Hauser Decl. Ex. C.)

**Argument**

I.    **THE TWO MANAGERS/CO-OWNERS OF MINDSPIRIT HAVE NO STANDING.**

Plaintiffs Malvika Kumar and Rosewood Partners are identified as managers and co-owners of Mindspirit. (Am. Compl. ¶¶ 1-3.) Allegations supporting their standing to make any of the claims asserted in the Amended Complaint, however, are lacking, other than conclusory assertions that the stock options at issue should at some unidentified time for some unstated reason have been issued or transferred to them.[4] (*Id.* ¶¶ 40, 49 & 78.) There is no allegation that they were parties to an agreement with Defendant. There is no allegation that there was any agreement concerning, or other basis for, the option rights at issue other than the 2001 agreement to which they were not parties. Indeed, the Amended Complaint makes abundantly clear that the basis for the Plaintiffs' claims is that agreement. (*Id.* ¶¶ 5-7, 20-21, 25-26, 43, 48, 50, 61-74, 76-81, 83, 86, 93, 102, 109-12, 116, 128-29, 131-33, 139 & 141.)

Ms. Kumar and Rosewood claim the benefit of a fiduciary duty as successor shareholders to Mindspirit (*id.* ¶¶ 32-37 & 84) but seek no relief in that capacity (*see ad damnum* clause, *id.* pp. 35-36); there is no allegation or cause of action claiming that for some reason the option rights granted in 2001 somehow followed the 2010 transfer of the shares from Mindspirit to them. They also seem to be claiming a status as investors of the $100,000 paid in 2001 (*id.* at ¶¶ 55, 84, 94, 99, 103, 110-14, 129, 132), but this is belied by their clear allegation that it was Plaintiff Mindspirit that made the investment (*id.* at ¶¶ 20-24), the absence of any allegation that either of them was a source of the money or a party to any agreement involving the $100,000, and the implication of certain of their allegations and exhibits to the Amended Complaint that

---

[4] This allegation is inconsistent with their repeated allegations that the options were issued or should have been issued and/or transferred to Mindspirit for its exercise of the rights. Am. Compl. ¶¶ 20, 26, 52, 78, 90, 92, 96, 117 & 121.

6

Messrs. Gupta and Kumar were the source of the money. (*Id.* ¶¶ 18-20 and Exs. 2 & 3.)

At first glance, Ms. Kumar and Rosewood appear to be making a claim with regards to a recent Evalueserve Buy Back Scheme. (*Id.* ¶¶ 58, 69, 95(f), 100, 107 & 136 and Ex. 19.) This attempt, however, fails. First, while they claim they were prevented from participating in the Buy Back Scheme, as already noted, they seek no relief for themselves in that regard in the judgment they request. (*Id.* at pp. 35-36.)

Second, the claim is farcical on its face. They allege that they were sent notice of the program on December 26, 2012, and that this was six days after the Buy Back Scheme happened. (*E.g., id.* ¶ 58.) The first fact is correct, the second is utterly false, based on their evidence. Plaintiffs' own Exhibit 19 shows that it was only the announcement of the Buy Back Scheme which happened on December 20, 2012, and that Plaintiffs had until February 3, 2013, five weeks after the notice, to return the paperwork to participate. (*Id.* Ex. 19, Buy Back Scheme at 2, "Procedures and Timelines", at 3, "Terms and Conditions" and "Exercise of Stock Options", and at 4, "Buy Back of Shares".) Plaintiffs' own exhibit decisively defeats their attempt to create a claim for Ms. Kumar and Rosewood; their own submission of contradictory documentary evidence deprives the allegations of the requisite "well-pleaded" status to be credited by the Court. "At the motion to dismiss stage, where a plaintiff's factual allegations or legal conclusions are flatly contradicted by documentary evidence, they are not presumed to be true, or even accorded favorable inference in the context of a breach of contract action." *Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.,* 244 F.R.D. 204, 213 (S.D.N.Y. 2007); *see also Trans World Airlines, Inc. v. Hughes,* 449 F.2d 51, 63 (2d Cir. 1971), *rev'd on other grounds,* 409 U.S. 363 (1973); *Montblanc-Simplo GmbH v. Colibri Corp.,* 739 F. Supp. 2d 143, 151 (E.D.N.Y. 2010); *Matusovsky v. Merrill Lynch,* 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002)

("If a plaintiff's allegations are contradicted by such a document [attached to the complaint as an exhibit], those allegations are insufficient to survive a motion to dismiss.").

Thus, the only direct wrongs alleged are against Mindspirit. The only wrongs alleged against Ms. Kumar and Rosewood are either indirect, based on nothing more than their status as managers and co-owners of Mindspirit, or, in the case of the Buy Back Scheme, imagined but impossible. As a result, their claims are entirely—and fatally—derivative or defective, they lack standing, and must be dismissed as Plaintiffs. *See, e.g., Royal Crown Day Care LLC v. Department of Health and Mental Hygiene,* No. 10-CV-5442, 2012 U.S. Dist. LEXIS 101237, *12-14 (E.D.N.Y. July 20, 2012), *aff'd,* 746 F.3d 538 (2d Cir. 2014); *USHA Soha Terrace, LLC v. Robinson Brog Leinwand Greene Genovese & Gluck, P.C.,* Index No. 653377/2013, 2014 N.Y. Misc. LEXIS 3085, *5-6 (N.Y. Co. Supr. July 9, 2014) ("plaintiff . . . as a member of a limited liability corporation [*sic*], lacks standing to sue in its individual capacity for losses derived solely from injury to the limited liability company"). Ms. Kumar and Rosewood and their claims against Evalueserve must therefore be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(1).

## II.    PLAINTIFFS' CLAIM FOR BREACH OF CONTRACT MUST BE DISMISSED.

**The Legal Standard.** On a motion to dismiss pursuant to Rule 12(b)(6), a court accepts the truth of the facts alleged and draws all inferences in the claimant's favor. *See Global Network Communs., Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the

8

speculative level". *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations, and quotation marks omitted). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. If plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.; see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'") (citation omitted, quoting Fed. R. Civ. P. 8(a)(2))). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" do not suffice to state a claim, as Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *See Iqbal,* 556 U.S. at 679.

The Stock Option Agreement (Am. Compl. Ex. 1) between Mindspirit and Evalueserve, upon which Plaintiffs rely (*id.* ¶¶ 5-7, 25-26, 43, 59 & 61-70), has the following provisions (bold-face in original):

> **5. SECURITIES LAW COMPLIANCE.** Notwithstanding anything to the contrary contained herein, you may not exercise your Option unless the shares of Common Stock issuable upon such exercise are then registered under the Securities Act or, if such shares of Common Stock are not then so registered, the Company has determined that such exercise and issuance would be exempt from the registration requirements of the Securities Act.
>
> . . .
>
> **11. GOVERNING PLAN DOCUMENT.** Your Option is subject to all the provisions of the [Evalueserve, Ltd. 2001 Equity Incentive] Plan, the provisions of which are hereby made a part of your Option . . . . In the event of any conflict between the provisions of your Option and those of the Plan, the provisions of the Plan shall control.

The Plan (also part of Am. Compl. Ex. 1) has the following provisions:

## 5. ELIGIBILITY

**a. Eligibility for Specific Option Awards**. Incentive Stock Options may be granted only to Employees. Nonstatutory Stock Options may be granted to Employees, Directors and Consultants.

. . .

### d. Consultants.

1. Prior to the Registration Date, a Consultant shall not be eligible for the grant of an Option Award if, at the time of the grant, either the offer or the sale of the Company's securities to such Consultant is not exempt under Rule 701 [promulgated under the Securities Act of 1933] . . . .

Rule 701 provides that, to be exempt from registration, securities may be offered or sold to consultants only if they are, among other requirements, natural persons. 17 C.F.R. § 230.701(5)(c)(1)(i).

Thus, there was no option eligibility for Mindspirit under the Plan since it was neither an employee, nor a director, nor a consultant. Moreover, it is clear from these three exclusive categories for the grant of options, the other provisions of the Plan and the reference to Rule 701, that it was intended that only natural persons could qualify for an option grant. (*See also* Equity Incentive Plan ¶ 1c (purpose of the plan is to retain the services of individuals).) There is no allegation that any of the shares or options were ever registered. Indeed, the option exercise forms submitted by Gupta and Kumar acknowledged that the shares were not. (Hauser Decl. Ex. C.) The original grant of options to Mindspirit, since it conflicted with both the Plan—whose provisions superseded any conflicting provisions in the grant—and potentially with federal securities law, was therefore unenforceable.[5]

---

[5] Plaintiffs attempt to make something of the fact that several of Evalueserve's Financial Statements classify the Gupta/Kumar options as investor options rather than consultant options, Am. Compl. ¶¶ 53-57, 99, 106 & 122, but Plaintiffs fail to explain how an apparent accountant's error carried forward from year to year could overcome the explicit provisions of the governing

It is quite apparent, as Defendants have told Plaintiffs, that this was discovered after the initial agreement had been struck and the options grant was therefore amended to bring it into conformance with an available route to eligibility for the 480,000 options, to grant them to one or more natural persons who could be designated consultants.[6] Accordingly, while Plaintiffs claim this never happened, or, if it did happen, it was a breach of the agreement or even fraud and occurred many years later, it would have been the feasible way for Evalueserve to deliver the promised value, no matter when it happened.

The original option grant that Plaintiffs seek to enforce in this action was invalid under the Plan—and therefore never had any value—and could if its exercise were allowed result in a violation of federal law. The relief that they seek is therefore unavailable. "New York's well-settled policy is that a contract may not be enforced where its purpose is illegal . . . even if the contract itself is facially legal, and even though defendant has received the benefit of its bargain and therefore might receive a windfall." *Ideal Mortg. Bankers, Ltd. v. Gateway Bank,* No. 10-79280/Adv. Pro. No. 12-08453, 2013 U.S. Bankr. LEXIS 5366, *14 (Bankr. E.D.N.Y. Dec. 23, 2013) (*citing McConnell v. Commonwealth Pictures Corp.,* 7 N.Y.2d 465, 469-71, 199 N.Y.S.2d 483, 485-87 (1960). Their claim for breach of contract must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[7]

---

Equity Incentive Plan (*Id.* Ex. 1), which makes no provision for issuance of options to an investing entity that is not both a natural person and either an employee, director or consultant.
[6] Plaintiffs' suggestion that the terms of the Option Grant precluded any effect of a consulting agreement (Am. Compl. ¶ 43) would be easily overcome by a consulting agreement that postdates the Option Grant. In addition, their argument rings rather hollow since they rely on agreements outside the Option Grant, such as those concerning the $100,000 investment and the 180,000 shares. (*E.g., id.* ¶¶ 20-21, 49-50, 109-15 & 128-38.)
[7] The fact that the option grant as originally made to Mindspirit had no enforceable value as a matter of both contract and law defeats Plaintiffs' claims of injury to the extent they seek to enforce that original grant in any of their other claims asserted and requires that all those claims be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

III. **PLAINTIFFS' CLAIM FOR NEGLIGENT CONTRACT PERFORMANCE DOES NOT EXIST AS A MATTER OF LAW.**

Plaintiffs' second claim is entitled "Negligent & Careless Performance of Contractual Work". (Am. Compl. ¶¶ 71-75.) It is expressly based on their preceding allegations of breach of contract (*id.* ¶¶ 71 & 73), on breaches of the agreement's notice and consent provisions (*id.* ¶ 74) (which are a repeat of some of the breach of contract allegations, *see id.* ¶¶ 65(c), (e) & (f) and 66; *see also id.* ¶¶ 49, 61, 62 & 63 (allegations of lack of notice and consent "in violation of the Agreement" incorporated into the breach of contract claim)), and on a vague allegation of unidentified breaches of "both express and implied terms of performance" (*id.* ¶ 73).

Unusually, the claim also includes citations to supporting legal authority. (*Id.* ¶ 72.) Those authorities, though, stand merely for the unremarkable proposition that, under the right circumstances, a breach of contract can give rise to actions in both breach of contract and tort. The authorities cited do not, however, come close to overruling the long, well-established line of authority that, under New York law, barring breach of a duty independent of a contract, "claims based on negligent . . . performance of a contract are not cognizable". *Fillmore East BS Fin. Subsidiary LLC v. Capmark Bank*, 552 Fed. Appx. 13, 16 (2d Cir. 2014) (*citing Pacnet Network Ltd. v. KDDI Corp.*, 78 A.D.3d 478, 479, 912 N.Y.S.2d 178, 180 (1st Dept. 2010)); *accord, Norman v. TWA*, No. 98 Civ. 7419, 2000 U.S. Dist. LEXIS 14618, *18 (S.D.N.Y. Oct. 6, 2000) (*citing City of New York v. 611 West 152nd Street, Inc.*, 273 A.D.2d 125, 126, 710 N.Y.S.2d 36, 38 (1st Dept. 2000)); *Board of Mgrs. v. Chelsea 19 Assoc.*, 73 A.D.3d 581, 582, 905 N.Y.S.2d 8, 10 (1st Dept. 2010); *Fluhr v. Goldscheider*, 264 A.D.2d 570, 571, 695 N.Y.S.2d 30, 31 (1st Dept. 1999). Plaintiffs have alleged no such breach of a duty separate from contractual duties, and their second claim must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

IV. **PLAINTIFFS' THIRD CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING MUST BE DISMISSED.**

Similarly, to plead a cause of action for breach of the implied covenant of good faith and fair dealing under New York law, the plaintiffs must establish a "legal duty separate and apart from the contractual duties", and such a claim based on no more than the "same facts as the breach of contract claim" is not cognizable. *Washington v. Kellwood Co.*, No. 05 Civ. 10034, 2009 U.S. Dist. LEXIS 32565, *17-18 (S.D.N.Y. Mar. 24, 2009).

Plaintiffs have attempted to dress up their claim for breach of the implied covenant as one based on breaches "above and beyond those breaches set forth *supra* in plaintiffs' First Cause of Action" (Am. Compl. ¶ 82), but, in fact, the allegations of the fourth claim specifically include all the facts on which the breach of contract claims is based (*id.* ¶ 76) and the additional allegations merely reshuffle the allegations of the breach of contract action. *Comp. id.* ¶ 78 *with id.* ¶¶ 52, 63 & 68 , ¶ 79 *with* ¶ 65-66, ¶ 80 *with* ¶¶ 38-42, 45, 63 & 67, and ¶ 82 *with* ¶¶ 38-42, 44, 63, 68 & 70. Indeed, the claim incongruously makes patently clear that the actual, not implied, terms of the Agreement are the claim's basis; almost every allegation refers to terms "in the Agreement". (*Id.* ¶¶ 78, 79 & 81.) As a result, the fourth claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Washington v. Kellwood Co.,* 2009 U.S. Dist. LEXIS at *18-20; *see also, e.g., Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002); *Piven v. Wolf Haldenstein Adler Freeman & Herz, L.L.P.,* No. 08 Civ. 10578, 2010 U.S. Dist. LEXIS 27609, *20-23 (S.D.N.Y. Mar. 12, 2010).

## V.   PLAINTIFFS' FOURTH CLAIM FOR BREACH OF FIDUCIARY DUTY MUST BE DISMISSED.

Plaintiffs' fourth claim is for a breach of fiduciary duty owed by Evalueserve[8] to Plaintiffs as "investors, shareholders, and optionholders". (Am. Compl. ¶¶ 83-92.)

To begin with, their own admissions establish that none of Plaintiffs is an optionholder (*id.* ¶¶ 38-39, 49, 52, 61, 64-66); if the options had been held by any of them instead of by Messrs. Gupta and Kumar then this action would have presumably been unnecessary. It is precisely Plaintiffs' claim that they were wrongfully deprived of the options that is the predicate of this lawsuit.

Second, as already noted, they have stated no claim for Ms. Kumar and Rosewood as shareholders. That leaves their alleged status as investors, but only Mindspirit can qualify here since their allegations make clear that it was Mindspirit that made the investment; there is no allegation of any investment by either Ms. Kumar or Rosewood. (*Id.* ¶¶ 20-24.)   Mindspirit's rights as an investor were determined by the agreement with Evalueserve at the time of the investment, which provided for the issuance of shares and options. (Am. Compl. ¶¶ 20-25.) Mindspirit acknowledges receipt of the shares and their transfer to the other two Plaintiffs at Mindspirit's request. (Am. Compl. ¶¶ 27 & 32-37.) What remains is Mindspirit's claim that it, not Messrs. Kumar and Gupta, should have received the options. Thus, Mindspirit's claim is as an alleged contractual creditor of Evalueserve, demanding the transfer to Mindspirit of either the options or their value. (Am. Compl. ¶¶ 70, 75, 82, 92, 101, 108, 115, 130, 138, 147, and Wherefore Clause A at 35.)

Plaintiffs insist that New York law governs this claim as a result of the Option

---

[8] Plaintiffs also include an allegation of a fiduciary duty by some of Evalueserve's directors and breaches of fiduciary duty by several individuals (Am. Compl. ¶¶ 87-90) but have not named any directors as defendants, so those allegations are immaterial.

Agreement. (Am. Compl. ¶¶ 86-87.) Assuming *arguendo* that they are correct, that would by itself defeat the claim. A corporation owes no fiduciary duty to a creditor unless the corporation is insolvent. *RSL Communications PLC v. Bildirici*, 649 F. Supp. 2d 184, 202 (S.D.N.Y. 2009) (and cases cited), *aff'd*, 412 Fed. Appx. 337 (2d Cir. 2011). There is no allegation that Evalueserve is insolvent or has ever been close to insolvent. And, even if there were a claim stated based on shareholder status, "under New York law . . . the corporation does not stand in a fiduciary relationship to its shareholder." *State Teachers Retirement Board v. Fluor Corp.*, 566 F. Supp. 939, 941 (S.D.N.Y. 1982); *accord, Guangdong Enterprises v. Hennessy*, No. 01 Civ. 0620, 2002 U.S. Dist. LEXIS 8719, *73 (S.D.N.Y. May 15, 2002); *Hyman v. New York Stock Exchange, Inc.*, 46 A.D.3d 335, 337, 848 N.Y.S.2d 51, 53 (1st Dept. 2007). This would be even less possible for an optionholder with only a contingent relationship with the corporation.

Plaintiffs are wrong, however, as to the choice of law. Fiduciary duties are creatures of common and statutory law, not governed by contract; indeed, the agreement (Am. Compl. Ex. 1) says nothing of a fiduciary duty. Mindspirit must therefore look outside the contract and its choice of law provision if Mindspirit is to have such a claim. And, under New York's well-settled internal affairs doctrine, issues of fiduciary duty relating to a corporation are decided under the law of its place of incorporation. *See, e.g., Hausman v. Buckley*, 299 F.2d 696, 702-03 (2d Cir. 1962); *Fox v. Idea Sphere, Inc.*, No. 12 Civ. 1342, 2013 U.S. Dist. LEXIS 42674, *45 (S.D.N.Y. Mar. 21, 2013); *Winn v. Shafer*, 499 F. Supp. 2d 390, 393 (S.D.N.Y. 2007); *Davis v. Scottish Re Group Ltd.*, 46 Misc. 3d 1206(A), 9 N.Y.S.3d 592, 2014 N.Y. Misc. LEXIS 5718, *14-16 (Supr. Ct. N.Y. Co. 2014) (*citing Feiner Family Trust v. VBI Corp.*, No. 07 Civ. 1914, 2007 U.S. Dist. LEXIS 66916, *16 (S.D.N.Y. Sept. 11, 2007)); *Potter v. Arrington*, 11 Misc. 3d 962, 966, 810 N.Y.S.2d 312, 316 (Supr. Ct. Monroe Co. 2006) (and cases cited).

The choice of Bermuda law nonetheless lands Plaintiffs in the same place. Under Bermuda law, the fiduciary duty owed to shareholders is by the directors, not by the corporation (the same as in New York), and to the shareholders as a whole, not individually. *See Tyco Int'l v. Walsh*, 455 Fed. Appx. 55, 57 (2d Cir. 2012). And, again, as in New York, the directors of a Bermuda corporation owe no fiduciary duty to a creditor. *O'Connell v. Arthur Andersen, LLP*, 383 B.R. 231, 267-68 (Bankr. S.D.N.Y. 2008).

Finally, even if any applicable law provided for a fiduciary duty by Defendant towards any of Plaintiffs, their claim for breach of fiduciary duty boils down to nothing more than an alleged inability to exercise the stock options (Am. Compl. ¶¶ 88-92), and it was a contract with Evalueserve that provided for and controlled those options and their conditions of exercise, not any aspect of fiduciary duty.

Accordingly, Plaintiffs claim for breach of fiduciary duty must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## VI. PLAINTIFFS' FIFTH CLAIM FOR FRAUDULENT CONCEALMENT AND MISREPRESENTATION BY A FIDUCIARY MUST BE DISMISSED.

Plaintiffs' fifth claim fails for, *inter alia*, the same reason. The claim is premised on a fiduciary relationship with Plaintiffs. (Am Compl. ¶ 94.) Since there can be none as a matter of law, *see supra* Point V, the claim must be dismissed. This is all the more the case since the alleged misrepresentations and concealments go no further than the alleged failure to perform under the option agreement with Mindspirit (*see id.* ¶ 95), which Plaintiffs allege led them into a situation in which they failed to act to avoid injury (*id.* ¶¶ 96-99). In the context of a contract, this does not constitute fraud. "We may assume that these representations were intended to lull [plaintiff] into a false sense of security and that they did so to [plaintiff]'s benefit. However, these statements amount to little more than intentionally-false statements by [defendant]

indicating his intent to perform under the contract. That is not sufficient to support a claim of fraud under New York law." *Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.*, 98 F.3d 13, 19 (2d Cir. 1996); *see also id.* at 20 (rejecting claim of fraud based on allegation of fiduciary duty).

Even if Plaintiffs could overcome the legal defect in their fifth claim, it would fail because of failure to plead the facts necessary to show fraud. They have alleged no legal duty beyond obligations under the agreement between Mindspirit and Evalueserve. They have failed to plead reasonable reliance by the Plaintiffs. It was Messrsr. Kumar and Gupta, not any of the Plaintiffs, who filled out the forms seeking to exercise the options (Am. Compl. ¶¶ 38-41 & Ex. 14; Hauser Decl. Ex. C), and Plaintiffs have alleged no relevant legal relationship between themselves and the two felons. Even if one could be inferred sufficient to impute their reliance to any of Plaintiffs, how could two individuals who supposedly knew the options were not theirs reasonably rely on advice that they should submit official statements declaring otherwise? Furthermore, although Plaintiffs have alleged that, had they known the facts, they could have acted to avoid injury and damages (Am. Compl. ¶ 98), the allegation is wholly conclusory; there is no explanation of what they could have done or how it would have avoided their injury, which means they have not adequately alleged causation. This is not fraud, this is nothing more than one of Plaintiffs' several attempts to repackage a contract claim as a fraud claim, and it falls well short of the mark.

The Fifth Claim must therefore be dismissed pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).

## VII.  PLAINTIFFS' SIXTH CLAIM FOR ACTUAL AND CONSTRUCTIVE FRAUD MUST BE DISMISSED.

Plaintiffs' sixth claim is similarly defective.  It is, like the previous two claims, premised on a fiduciary relationship (Am. Compl. ¶ 103) that cannot exist as a matter of law, *see supra* Point V.  There is, as explained *supra* in Point VI, insufficient allegation of reasonable reliance or causation.

Moreover, under New York law,

> to maintain a claim of fraud in addition to a standard claim for breach of contract, a plaintiff must either:  (a) demonstrate a legal duty separate from the duty to perform under the contract; (b) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (c) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages.

*Waite v. Schoenbach*, No. 10-cv-3439, 2010 U.S. Dist. LEXIS 115470, *12 (S.D.N.Y. Oct. 29, 2010).  Plaintiffs have done none of these.  There is no such separate legal duty alleged.  The purported misrepresentations relate to nothing more than whether the agreement would be followed.  (*Comp.* Am. Compl. ¶ 104 *with id.* ¶¶ 67-68; *see also id.* ¶¶ 38-42, 48, 50-51, 61 & 63.)  And they seek no special damages beyond the options or their value, the same relief they seek as contract damages.  As a result, this attempt at a fraud claim is duplicative of the breach of contract claim and must be dismissed.  *See Telesco v. Neuman*, No. 14-cv-3480, 2015 U.S. Dist. LEXIS 66008, *12 (S.D.N.Y. Mar. 11, 2015); *Waite v. Schoenbach*, 2010 U.S. Dist. LEXIS 115470 at *12-13; *PI, Inc. v. Quality Prods.*, 907 F. Supp. 752, 762-763 (S.D.N.Y. 1995).  This is so even in the case when the breach of contract claim itself suffers from a fatal legal defect and must be dismissed on that other ground.  *Telesco,* 2015 U.S. Dist. LEXIS 66008 at *11-12.  At the very least, this claim is duplicative of the two previous claims and should be dismissed even if they are not.  *See, e.g., DeBenedictis v. Malta*, No. 602537/2008, 2014 N.Y. Misc. LEXIS 5862, *4-5 (Supr. Ct. N.Y. Co. Mar. 6, 2014).

## VIII.  PLAINTIFFS' SEVENTH CLAIM FOR UNJUST ENRICHMENT MUST BE DISMISSED.

Plaintiffs have attempted to state a quasi-contractual claim for unjust enrichment. (Am. Compl. ¶¶ 109-15.) The claim on behalf of Ms. Kumar and Rosewood fails since they admit that it was Mindspirit, not either of them, that made the investment which constituted the benefit conferred. (*Id.* ¶¶ 19-24.) As a result, any unjust enrichment claim by either of them lacks the essential element of a benefit conferred.

Mindspirit's claim for unjust enrichment fails for other reasons. First, Mindspirit and Evalueserve have a contract that governs the subject matter, namely Mindspirit's investment and what it would receive in return from Evalueserve. (*Id.*) As a result, an unjust enrichment claim is precluded because it requires the absence of an agreement. *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.,* 448 F.3d 573, 587 (2d Cir. 2006) ("It is impermissible, however, to seek damages in an action sounding in quasi contract where the suing party has fully performed on a valid written agreement, the existence of which is undisputed, and the scope of which clearly covers the dispute between the parties.") (*quoting Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.,* 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 656 (1987)); *see also* Am. Compl, ¶ 59 (allegation of full performance by Plaintiffs). Indeed, Plaintiffs have explicitly incorporated all the allegations concerning the agreement into their unjust enrichment claims (Am. Compl. ¶ 109). This renders the unjust enrichment claim inconsistent with and duplicative of the breach of contract claim and requires dismissal of the unjust enrichment claim. *Ely v. Perthius*, No. 12-cv-1078, 2013 U.S. Dist. LEXIS 14952, *13-14 (S.D.N.Y. Jan. 29, 2013); *Mitchell v. Faulkner*, No. 10-cv-8173, 2013 U.S. Dist. LEXIS 6088, *21-24 (S.D.N.Y. Jan. 14, 2013), *aff'd,* 531 Fed. Appx. 136 (2d Cir. 2013); *Malmsteen v. Berdon, LLP,* 477 F. Supp. 2d 655, 667-68 (S.D.N.Y. 2007); *Hoeffner v. Orrick,* 61 A.D.3d 614, 615, 878 N.Y.S.2d 717, 719 (1st Dept. 2009).

The Plaintiffs Seventh Clam, for unjust enrichment, must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## IX.    PLAINTIFFS' EIGHTH CAUSE OF ACTION FOR GROSS NEGLIGENCE, WILLFUL MISCONDUCT AND RECKLESSNESS MUST BE DISMISSED.

Plaintiffs' eighth cause of action is one for punitive damages. (Am. Compl. ¶ 127.) The wrongdoings alleged, however, are no more than some of the same allegations that support the main breach of contract claim repeated with the added characterization that they constituted "tortious, willful misconduct" and "gross negligence and reckless indifference to the rights of plaintiffs". (*Id.* ¶¶ 117-23.) Plaintiffs are nonetheless clear that they are speaking of Evalueserve's contractual obligations. (*Id.* ¶ 124; *comp. id.* ¶¶ 117-23 *with id.* ¶¶ 64-68; *see also id.* ¶¶ 49, 50, 52 & 61-63.) In New York, however, punitive damages are not available for breach of contract unless there is alleged both an independent tort and that the egregious conduct directed towards the plaintiff is part of a pattern directed at the public generally; since plaintiffs have alleged neither of these, their claim for punitive damages must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See, e.g., Baguer v. Spanish Broad. Sys.*, No. 04-cv-8393, 2007 U.S. Dist. LEXIS 70793, *12-14 (S.D.N.Y. Sept. 20, 2007); *Zarour v. Pacific Indem. Co.*, No. 15-cv-2663, 2015 U.S. Dist. LEXIS 89663, *14-15 (S.D.N.Y. July 6, 2015).

## X.    PLAINTIFFS NINTH CLAIM FOR PROMISSORY ESTOPPEL MUST BE DISMISSED.

Plaintiffs' ninth claim is premised on promises "in the Agreement". (Am. Compl. ¶ 129.) Promissory estoppel in the context of a breach of contract, however, requires either a contract formation issue that would prevent enforcement or a promise outside of the contract, and, since Plaintiffs have alleged neither, their promissory estoppel claim is duplicative of their breach of contract claim and must be dismissed. *Gas Nat., Inc. v. Iberdrola, S.A.*, 33 F. Supp. 3d 373, 385-386 (S.D.N.Y. 2014); *Ergowerx Int'l, LLC v. Maxell Corp.*, 18 F. Supp. 3d 430, 442 (S.D.N.Y.

2014); *Underdog Trucking, LLC v. Verizon Servs. Corp.,* No. 09 Civ. 8918, 2010 U.S. Dist. LEXIS 72642, *18-20 (S.D.N.Y. July 20, 2010); *Kleinberg v. Radian Group, Inc.,* No. 01 Civ. 9295, 2002 U.S. Dist. LEXIS 20595, *26-29 (S.D.N.Y. Oct. 29, 2002) (and cases cited). And, even if the claim could survive those defects, as already shown *supra*, Plaintiffs' allegation of reasonable reliance is inadequate and is by itself sufficient ground to defeat their promissory estoppel claim. *See, e.g., Hindsight Solutions, LLC v. Citigroup Inc.,* 53 F. Supp. 3d 747, 776 (S.D.N.Y. 2014). Plaintiffs' Ninth Claim must as a result be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## XI. PLAINTIFF'S TENTH CLAIM FOR SECURITIES FRAUD MUST BE DISMISSED.

Plaintiffs' tenth claim, for securities fraud (Am. Compl. ¶¶ 131-38), fails for the most elemental of reasons: they have alleged no intentional misrepresentations in connection with Mindspirit's purchase of securities. In fact, Plaintiffs are quite clear that they believe it was only many years after the 2002 delivery of the shares and grant of the options (*id.* ¶¶ 25-27), after Messrs. Kumar and Gupta's legal problems provided a hook, when Defendant hatched its alleged scheme to deprive Plaintiffs of the ability to exercise those options (*id.* ¶¶ 11-13, 61 & 134-37). Thus, Plaintiffs have in effect affirmatively alleged that the purported fraud had no connection with Mindspririt's purchase of securities. Section 10(b) and Rule 10b-5 require more than just an allegation of fraud in connection with securities; the allegation must be in connection with a purchase or sale of securities, and this Plaintiffs have belied with their own time line. (The time gap between events would also defeat any attempt to allege loss causation. *See Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336 (2005).) As a result, their claim for securities fraud must be dismissed pursuant to Section 10(b) (15 U.S.C. § 78j(b)), Rule 10b-5 (17 C.F.R. § 240.10b-5), the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(1) (pleading

requirements for a Section 10(b)/Rule 10b-5 action) and Fed. R. Civ. P. 9(b) and 12(b)(6). In addition, since on the record before the Court diversity jurisdiction cannot be established, *see supra* at 2-3, dismissal of Plaintiffs' Tenth Claim requires dismissal of all other claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## XII. PLAINTIFFS' ELEVENTH CLAIM FOR EQUITABLE ESTOPPEL MUST BE DISMISSED.

Plaintiffs' eleventh claim is for equitable estoppel regarding the applicable statutes of limitations. (Am. Compl. ¶¶ 139-47.) This is a set of facts, which, if proven, would preclude Defendant's invocation of statutes of limitations, but, at least when asserted for this purpose, is not a cause of action. *Blumenstyk v. Singer,* Index No. 651018/2013, 2014 N.Y. Misc. LEXIS 3621, *27 (N.Y. Co. Supr. Aug. 4, 2014) ("Equitable estoppel is not a cause of action or a defense; it is, rather, an equitable bar to the assertion of a defense or claim") (*quoting* N.Y. Jur. Estoppel § 5); *see also Einiger v. Citigroup, Inc.*, 112 U.S.P.Q.2d (BNA) 1147, 1149 n.1 (S.D.N.Y.2014); *Parr v. Ronkonkoma Realty Venture I, LLC*, 65 A.D.3d 1199, 1201, 885 N.Y.S.2d 522, 524 (2d Dept. 2009). Accordingly, Plaintiffs' Eleventh Claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## XIII. RAJAT GUPTA AND ANIL KUMAR ARE INDISPENSABLE PARTIES.

If any of Plaintiffs' claims survive the legal challenges *supra*, the Court must then proceed to a Rule 19 analysis concerning Messrs. Gupta and Kumar. This case is all about the stock options, and it is clear both that Evalueserve considers them to be the owners of the options and that they have asserted claims to own and to be entitled to exercise those options, *supra* at 4-5. Thus, they claim an interest in the subject of the action, and proceeding to the merits of this action in their absence may impair or impede their ability to protect their interests and will leave Evalueserve subject to a substantial risk of incurring double or other inconsistent obligation with

respect to the 480,000 options that both Plaintiffs and Messrs. Gupta and Kumar claim, and they would therefore ordinarily be required parties who must be joined for this action to proceed. *See* Fed. R. Civ. P. 19(a)(1). Plaintiffs' insufficient allegations, however, with respect to subject matter jurisdiction make it impossible to determine whether they can be joined, *see id.* & 28 U.S.C. § 1367(b). As a result, since a judgment rendered in their absence would be inadequate to resolve the conflicting claims regarding the options and could severely prejudice both them and Evalueserve, this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7). *See, e.g., Errico v. Stryker Corp.,* 281 F.R.D. 182 (S.D.N.Y. 2012).

### Conclusion

For all the foregoing reasons, each of Plaintiffs' Claims and their Amended Complaint in its entirety should be dismissed. In addition, leave to replead should be denied based upon their failure to respond to the factual and legal concerns laid out in detail by the Court and Defendant in prior proceedings.

Dated: February 23, 2016
      New York, New York

 

WUERSCH & GERING LLP

By: _____
    Gregory F. Hauser
    gregory.hauser@wg-law.com
    100 Wall Street, 10th Floor
    New York, New York 10005
    Tel: 212-509-5050
    Fax: 212-509-9559
    *Counsel for Defendant Evalueserve Ltd*

## CERTIFICATE OF SERVICE

I am an attorney at Wuersch & Gering LLP, counsel for Defendant, in the above-captioned proceeding. I hereby certify that on February 23, 2016, I caused the foregoing **Memorandum Law in Support of Defendant's Motion to Dismiss the Amended Complaint** to be served electronically via the United States District Court, Southern District of New York Court's ECF system upon those parties entitled to receive electronic notice.

_____
Gregory F. Hauser