**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -**
**MINDSPIRIT, LLC,**

                                    **Case No.: 15-cv-6065 (PGG)**

                      **Plaintiff,**

        **v.**

**EVALUESERVE LTD.,**

                      **Defendant.**
**- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -**


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR A <u>NEW TRIAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59</u>


WUERSCH & GERING LLP
100 Wall Street, 10th Floor
New York, New York 10005
(212) 509-5050

Counsel for Defendant Evalueserve Ltd.

**Table of Contents**

Preliminary Statement..................................................................................................................... 1

Legal Standard ................................................................................................................................ 1

Facts ................................................................................................................................................. 2

Argument ......................................................................................................................................... 2

I.   THE COURT ERRED IN HOLDING THAT NO REASONABLE JURY COULD FIND
     THAT STOCK OPTIONS WERE ISSUED TO GUPTA AND KUMAR. ....................... 2

II.  BECAUSE A REASONABLE JURY COULD HAVE FOUND THAT EVALUESERVE
     IUSSED STOCK OPTIONS TO KUMAR AND GUPTA, THE COURT ERRED IN
     NOT INSTRUCTING THE JURY ON ORAL AMENDMENT AND ESTOPPEL. ........ 6

III. EVALUESERVE WAS PREJUDICED BY THE COURT'S FAILURE TO INSTRUCT
     THE JURY ON ESTOPPEL AND ORAL AMENDMENT. ............................................. 9

Conclusion ...................................................................................................................................... 10

# Table of Authorities

**Cases**

*Anderson v. Branen*
   17 F.3d 552 (2d Cir. 1994)............................................................................................... 2

*Baptista v. Abbey Healthcare Group, Inc.*
   No. 95-10125-RGS, 1996 WL 33340740 (D. Mass. April 10, 1996)............................ 6, 9

*Hudson v. New York City*
   271 F.3d 62 (2d Cir. 2001)............................................................................................... 9

*Ixe Banco, S.A. v. MBNA Am. Bank, N.A.*
   No. 07 Civ. 0432, 2008 WL 650403 (S.D.N.Y. Mar. 7, 2008) .......................................... 9

*Lessoff v. Metro-North Commuter R.R.*
   No. 11 Civ. 09649, 2014 WL 1395022 (S.D.N.Y. Apr. 10, 2014).................................... 2

*Manlapig v. Jupiter*
   14 Civ. 235, 2016 WL 4617305 (S.D.N.Y. Sep. 6, 2016)................................................. 2

*Montgomery Ward & Co. v. Duncan*
   311 U.S. 243 (1940).......................................................................................................... 1

*Randolph Equities, LLC v. Carbon Capital, Inc.*
   648 F. Supp. 2d 507 (S.D.N.Y. 2009)............................................................................... 8

*Rose v. Spa Realty Assocs.*
   42 N.Y.2d 338, 344, 366 N.E.2d 1279 (N.Y. Ct. App. 1977) ....................................... 8, 9

*Scientific Mgmt. Inst., Inc. v. Mirrer*
   27 A.D.2d 845, 845, 278 N.Y.S.2d 58 (2d Dep't 1967).................................................... 7

*United Int'l Holdings, Inc. v. The Wharf (Holdings) Ltd.*
   210 F.3d 1207 (10th Cir. 2000), *aff'd*, 532 U.S. 588 (2001) ............................................ 5

*Wharf (Holdings) Ltd. v. United Int'l Holdings, Inc.*
   532 U.S. 588 (2001).......................................................................................................... 5

**Statutes**

Fed. R. Civ. P. 59(a)(1)(A) .......................................................................................................... 1

**Other Authorities**

11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* §
2805 (3d ed. 1998) ........................................................................................................................ 2

**<u>Preliminary Statement</u>**

Defendant Evalueserve Ltd. ("Evalueserve") respectfully submits this memorandum of law in support of its motion for a new trial pursuant to Fed. R. Civ. P. 59(a)(1)(A).

On October 2-4, 6-8, 10, and 11, this Court presided over a jury trial of Plaintiff Mindspirit, LLC's ("Mindspirit") breach of contract claim against Evalueserve. The jury found in Mindspirit's favor, and judgment was entered against Evalueserve for $7,480,457.29 on October 24. (*See* Dkt. No. 155.) During the trial, the Court *sua sponte* asked for briefing on the propriety of Evalueserve's proposed instructions on oral amendment and estoppel. (*See* Dkt. No. 128.) On October 10, the day before closing arguments and submission of the case to the jury, the Court ruled as a matter of law that there was no probative evidence supporting Evalueserve's affirmative defenses of oral amendment and estoppel, that no reasonable jury could find in Evalueserve's favor on those defenses, and that the Court would not instruct the jury as to those defenses. (*See* Tr. at 1191:8-1203:2.) The next day, Evalueserve registered its objection under Rule 51 to the Court's refusal to instruct the jury on oral amendment and estoppel. (Tr. at 1270:5-11.)

Evalueserve submits that the Court committed prejudicial legal error in taking these issues from the jury and therefore respectfully moves for a new trial in which the jury is instructed on oral amendment and estoppel.

**<u>Legal Standard</u>**

Rule 59 provides that "[t]he [C]ourt may, on motion, grant a new trial on all or some of the issues—and to any party—. . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1)(A). A motion for a new trial may "raise questions of law arising out of alleged substantial errors in . . . instructions to the jury." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). Moreover, "[a]ny

error of law, if prejudicial, is good ground for a new trial." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2805 (3d ed. 1998); *Manlapig v. Jupiter*, 14 Civ. 235, 2016 WL 4617305, at *1 (S.D.N.Y. Sep. 6, 2016) (quoting Wright & Miller § 2805 with approval in discussing standard for granting a new trial); *Lessoff v. Metro-North Commuter R.R.*, No. 11 Civ. 09649, 2014 WL 1395022, at *1 (S.D.N.Y. Apr. 10, 2014) (same).

More specifically to the present motion, the Court of Appeals has held:

> A litigant is entitled to an instruction where that claim is supported by evidence of probative value. All that a party needs to show is that there is some evidence supporting the theory behind the instruction so that a question of fact may be presented to the jury. The failure to give an instruction under such circumstances is error that warrants a new trial if that error is prejudicial.

*Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994). If the failure to instruct the jury on oral amendment and estoppel was error, there is no doubt that error was prejudicial since they could have been a complete defense to Mindspirit's breach of contract claim.

### Facts

Given the voluminous record from prior proceedings with which the Court and the parties are familiar, including cross-motions for partial summary judgment and the trial, Evalueserve will not burden the record here with a recitation of facts and rather cites to the relevant trial evidence throughout this Memorandum of Law, incorporating that evidence into its argument.

### Argument

### I. THE COURT ERRED IN HOLDING THAT NO REASONABLE JURY COULD FIND THAT STOCK OPTIONS WERE ISSUED TO GUPTA AND KUMAR.

In its bench ruling on October 10, the Court held as a matter of law that "there is no evidence that Evalueserve issued stock options to Gupta and Kumar and there is no evidence that Evalueserve ever transferred Mindspirit's stock options to Gupta and Kumar." (Tr. at 1197:22-24.) This ruling was based entirely on the fact that Rajat Gupta and Anil Kumar never received a

written stock option grant notice. (*See generally* Tr. at 1194:6- 1197:21.) The Court cited, however, to neither any law nor any evidence that a written stock option grant notice was a *sine qua non* for the effective issuance of stock options, nor was there any such law or evidence ever argued to the Court by Mindspirit. Indeed, Evalueserve's Equity Incentive Plan (Pl. Ex. 1), pursuant to which the options were issued, makes no mention at all of a stock option grant notice.

Alok Aggarwal's testimony regarding the September 2001 phone call with Gupta and the agreement they reached during that telephone call was, in the Court's eyes, not sufficient to support Evalueserve's defenses in this regard. Dr. Aggarwal, however, testified clearly not only that they had an agreement to issue the options originally allocated to Mindspirit to the two individuals instead but also that the agreement included foregoing the paperwork that the Court held was essential evidence of the issuance of options: "I [Aggarwal] said I'll perhaps sen[d] out [an] option certificate or something like that. And then he [Gupta] said, well, that's not required. It's up to you [Gupta] but board resolution is definitely required and I [Aggarwal] believe I never sent these option certificate[s] either to Rajat or Anil . . . ." (Tr. at 900:4-8; *see also id.* 901:2-14 & 906:19-907:8.) A jury could hear this testimony and conclude that Gupta himself agreed that a formal grant notice was unnecessary for issuance of stock options; in other words, a reasonable jury could well have concluded that Evalueserve issued options to the two individuals even in the absence of a grant notice per an agreement between Dr. Aggarwal and Mr. Gupta.

The Court relied on testimony by Alok Aggarwal that issuing a notice was a first step in a multi-step process, that every other recipient of options got a grant notice at least during the period while he "was there" (Tr. at 893:1-6), and that it was Evalueserve's "mistake" not to issue grant notices to Messrs. Gupta and Kumar (Tr. at 906:19-907:8). But no witness testified that this precluded the existence of stock options in their names. Indeed, if the absence of any one step in

a multi-step process precluded the existence of stock options, then there were also no stock options in Mindspirit's name since it is undisputed that multi-step process was never completed for Mindspirit's options; there was never any board resolution or Bermuda Monetary Authority approval for such options (Tr. at 614:13-18; 623:1-7; 906:16-18). And there was also testimony from Evalueserve's CFO and COO that such options did not exist in Evalueserve's corporate records. (Tr. at 765:12-16.) This also speaks to the issue of "transfer". Since Mr. Vollenweider testified that a stock option was not "live" until the process was complete (Tr. at 579:8-580:5), it was possible to infer that any bar to transfer did not take effect until the same time.

The Court also pointed to the absence of "important" terms in the board resolution, supposedly precluding its sufficiency as evidence of the issuance of the stock options to Messrs. Gupta and Kumar. The Court did not, however, state that the missing terms were essential or even why they were important. Moreover, even if "important" terms were missing, that conclusion presumed no oral amendment of the original contract with Mindspirit (as evidenced by the stock option grant notice and stock option agreement). A jury could have reasonably inferred from the testimony of Dr. Aggarwal and Mr. Vollenweider and the parties' future conduct (the effort to exercise the options in the names of Messrs. Gupta and Kumar) that both Evalueserve and Mr. Gupta on behalf of Mindspirit considered the option grant to Messrs. Gupta and Kumar to include all terms from the original agreement with Mindspirit (terms that were already in Gupta's hands in writing, Tr. at 602:18-606:5; Pl. Ex. 10) that were not inconsistent with the oral agreement in the telephone conversation between Dr. Aggarwal and Mr. Gupta. This supplied all the terms the Court described as missing. The Court's ruling, however, precluded that inference. In effect, the Court first implicitly held that there was no oral amendment and then invoked the consequences as evidence that the defense of oral amendment could not be argued.

Furthermore, Messrs. Gupta and Kumar received repeated notices orally and by e-mail that the options had been issued in their names. As the Court itself stated: "[w]hile there is certainly evidence that Evalueserve told Gupta and Kumar that stock options had been issued to them . . . ." (Tr. at 1197:25-1198:3.) The Court did not explain why an oral notice of stock options is ineffective. In fact, imposing such a requirement would lead to puzzling outcomes. If a written grant notice were required as a matter of law to demonstrate the issuance of a stock option, purely oral contracts for stock options would always be unenforceable for lack of evidence, and that is demonstrably not the law. While only limited case law exists on the subject, the U.S. Supreme Court has held that a purely oral agreement to grant an option to purchase shares fell within the ambit of federal securities fraud regulations when the optionor secretly intended never to honor the exercise of the option. *See Wharf (Holdings) Ltd. v. United Int'l Holdings, Inc.*, 532 U.S. 588, 594 (2001).[1] If a wronged optionee in such an agreement could never prove its case to a jury for lack of a documented grant notice, there would be no reason to invoke securities laws; if the optionee could never legally compel the optionor to uphold its end of the bargain, it would not matter if the optionor possessed fraudulent intent or not since there would be no damage from the fraud.

The Court should therefore have concluded in this case that a reasonable jury could have found, based on the testimony of Messrs. Aggarwal and Vollenweider (*see* citations to Tr., *supra*) and Evaluserve's own internal documents (Pl. Ex. 19) and records, as well as its dealings with the Bermuda Monetary Authority, that Evalueserve did in fact orally issue stock options to Gupta and Kumar. *Cf. United Int'l Holdings, Inc. v. The Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1225-26 (10th

---

[1] Moreover, the Tenth Circuit, the intermediate appellate court in *Wharf*, found that the oral stock option agreement was enforceable under Colorado state law. *Id.* at 596.

Cir. 2000), *aff'd*, 532 U.S. 588 (2001) (not error for trial court to refuse jury instruction on partial performance of an oral option agreement but only because jury had found that the oral option agreement was valid); *Baptista v. Abbey Healthcare Group, Inc.*, No. 95-10125-RGS, 1996 WL 33340740, at *4-5 (D. Mass. April 10, 1996) (corporation's internal documents constituted sufficient evidence of an oral modification of an option agreement to satisfy the Statute of Frauds).

In sum, the Court erred when it concluded that no reasonable jury could conclude that Evalueserve issued stock options to Messrs. Gupta and Kumar.

## II. BECAUSE A REASONABLE JURY COULD HAVE FOUND THAT EVALUESERVE IUSSED STOCK OPTIONS TO KUMAR AND GUPTA, THE COURT ERRED IN NOT INSTRUCTING THE JURY ON ORAL AMENDMENT AND ESTOPPEL.

Because a reasonable jury could have concluded that Evalueserve's actions, including its communications with Gupta and Kumar, were effective as stock option grants to them, the Court should have instructed the jury on oral amendment and estoppel.

### Oral Amendment

As discussed above, a jury could have found that Evalueserve performed its obligation under the oral amendment by issuing options to Gupta and Kumar. This was done at Mr. Gupta's request to avoid future problems. (Tr. at 899:14-18[2]; 1131:20-23.) Evalueserve prepared and passed a board resolution granting the options, sought and obtained Bermuda Monetary Authority for those options, and recorded those options in its corporate records. (Tr. at 620:19-622:21; 765:17-19; 815:13-19; 902:7-23; 906:11-15.) Indeed, Evalueserve even assisted with the attempted exercise of those options. This was evidence of full performance, or at the very least partial performance.

---

[2] As the second cite shows, there is a transcription error; the reference to "information" should be to "future problems".

- 6 -

Moreover, the issuance of those options burdened Evalueserve by reducing profit. (Tr. 904:21-905:20.) Having heard that evidence, a reasonable jury could easily have found that Evalueserve either 1) gave consideration to Mindspirit for its agreement to give up options in its own name, and/or 2) performed substantially—at least partially, and arguably fully—and thus negated the defenses of lack of mutuality and consideration, *see Scientific Mgmt. Inst., Inc. v. Mirrer*, 27 A.D.2d 845, 845, 278 N.Y.S.2d 58, 60 (2d Dep't 1967).

With respect to consideration, the Court rejected Evalueserve's contention that Mindspirit had received a benefit, noting that "Gupta did in fact provide the advice and introductions that Evalueserve had bargained for." (Tr. at 1200:12-14.) This overlooks, however, the testimony by him both that he sought to avoid future problems and also that Mindspirit never had any employees (Tr. at 478:12-14), a fact from which the jury could have inferred that Gupta was providing the advice and introductions in his individual capacity rather than as an agent for Mindspirit, actions that provided a benefit to Mindspirit by relieving it of an obligation to Evalueserve. And there was no evidence in what capacity Mr. Kumar provided his assistance to Evalueserve, leaving only the testimony that it could not have been as an employee allowing the argument and inference that he provided services to Evalueserve in his individual capacity.

The Court should therefore have instructed the jury on Defendant's defense of oral amendment. *See also* case law cited in Defendant's letter brief of October 6, 2019 (Dkt. No. 127) at 2.

## **Estoppel**

With respect to Evalueserve's affirmative defense of estoppel, the Court first noted that Evalueserve did not change its position in reliance on Gupta's request, because "there [was] no evidence that Evalueserve issued a stock option grant notice to Gupta or Kumar." (Tr. at 1201:25-

1202:2.) As discussed above, however, this is not an adequate basis on which to take the issue from the jury.

Second, the Court held that "[t]o the extent that Evalueserve contends that it transferred Mindspirit's options to Gupta and Kumar at Gupta's request, any reliance on Gupta for this action would not have been reasonable." (Tr. at 1202:3-6.) In coming to this conclusion, the Court cited to the language of the stock option agreement providing that "the option is not transferable." (Tr. at 1202:10-11.) But the Court's conclusion here is at odds with the facts and the law. As for the facts, as noted *supra*, there was testimony that the non-transferability provision was not yet in effect at the time of Dr. Aggarwal's conversation with Mr. Gupta.

As for the law, the Court has conflated the concepts of promissory estoppel with the particular doctrine of equitable estoppel invoked by Evalueserve in this case. The authority cited by the Court (*see* Tr. at 1202:16-23) deals with oral *representations* or *assurances* extraneous to a contract on which a party relied despite the written instruments forbidding oral modification. *See Randolph Equities, LLC v. Carbon Capital, Inc.*, 648 F. Supp. 2d 507, 524 (S.D.N.Y. 2009); *Ixe Banco, S.A. v. MBNA Am. Bank, N.A.*, No. 07 Civ. 0432, 2008 WL 650403, at *12 (S.D.N.Y. Mar. 7, 2008). By contrast, Evalueserve has put forth a theory of equitable estoppel that is triggered when the parties have *fully performed* an oral modification, or have partially performed an oral modification where the performance is unequivocally referable to the modification. *See Rose v. Spa Realty Assocs.*, 42 N.Y.2d 338, 344, 366 N.E.2d 1279, 1283 (N.Y. Ct. App. 1977) ("Once a party to a written agreement has induced another's significant and substantial reliance upon an oral modification, the first party may be estopped from invoking the statute [of frauds] to bar proof of that oral modification."); *see also Randolph Equities*, 648 F. Supp. 2d at 571-19 (analysis of an oral modification claim separate and distinct from the promissory estoppel issue). In other words,

the Court based its ruling on authority dealing with reliance on executory promises but it did not consider a situation in which an oral amendment has been performed as the parties agreed, or consideration has been exchanged, yet one party seeks to invoke a "no oral amendment" clause in the writing. In fact, the Court's citation to the stock option agreement's non-transferability provision bolsters Evalueserve's position—both parties performed as though the stock options had not yet been issued to Mindspirit and had not yet become non-transferable, which would constitute conduct "unequivocally referable" to the oral modification because it directly contradicts the written language. *See Rose*, 42 N.Y.2d at 343-44, 366 N.E.2d at 1283; *see also Baptista*, 1996 WL 33340740, at \*5 (justifiable reliance on board chairman's oral representations of stock option modification despite stock option incentive plan's requirement that all option agreements be in writing).

The Court should therefore have instructed the jury as to Defendant's defense of estoppel. *See also* case law cited in Defendant's letter brief of October 6, 2019 (Dkt. No. 127) at 3.

## III. EVALUESERVE WAS PREJUDICED BY THE COURT'S FAILURE TO INSTRUCT THE JURY ON ESTOPPEL AND ORAL AMENDMENT.

Finally, the Court's failure to properly instruct the jury caused prejudice to Evalueserve. It is quite possible that a reasonable jury could have found in Evalueserve's favor on the defenses of estoppel and oral amendment, had it been so instructed. As such, a new trial should be granted and the jury properly instructed. *See, e.g.*, *Hudson v. New York City*, 271 F.3d 62, 70 (2d Cir. 2001) ("[W]e do not know whether a correctly charged jury would have rendered a different verdict. Under the circumstances the prudent course is to vacate the judgment of the district court and to remand for a new trial.").

## **Conclusion**

For the foregoing reasons, Evalueserve respectfully requests that this Court grant a new trial pursuant to Fed. R. Civ. P. 59(a)(1)(A).

Dated: November 21, 2019

Respectfully submitted,

_____

Gregory F. Hauser
Wuersch & Gering LLP
100 Wall Street, 10th Floor
New York, NY 10005
Tel: (212) 509-5050
Fax: (212) 509-9559

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I am an attorney at Wuersch & Gering LLP, counsel for Defendant, in the above-captioned proceeding. I hereby certify that on November 21, 2019, I caused the foregoing **Memorandum of Law in Support of Defendant's Motion for a New Trial Pursuant to Federal Rule of Civil Procedure 59** to be served electronically via the United States District Court, Southern District of New York Court's ECF system upon those parties entitled to receive electronic notice.

Gregory F. Hauser